USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2024

# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

David Venderbush         Direct Dial: +1 212-210-9532         Email: David.venderbush@alston.com

June 6, 2024

**(Via ECF Filing)**

The Honorable Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 1007



MEMO ENDORSED

Re:   *Labernik, et al. v. Augusta National, Inc.*
      Case No.: 1:24-cv-03058

Dear Judge Rearden:

Defendant Augusta National, Inc., submits this letter-motion to request a stay of proceedings pending the Second Circuit's decision in *Salazar v. National Basketball Association*, No. 23-1147. Augusta National requests a stay before the parties begin briefing Rule 12 issues on July 1, 2024, because the Second Circuit's direction will enable the parties to better present relevant issues to the Court.

This Court has previously stayed a similar Video Privacy Protection Act (VPPA) case pending the outcome of *Salazar*. See *Leslie v. Thompson Reuters Corp.*, 2023 U.S. Dist. LEXIS 169615 (S.D.N.Y. Sep. 22, 2023). Other courts in this district have also done that. *See Lamb v. Forbes Media LLC*, 2024 U.S. Dist. LEXIS 59355 (S.D.N.Y. Apr. 1, 2024); *Joiner v. NHL Enters.*, 2024 U.S. Dist. LEXIS 26699 (S.D.N.Y. Feb. 15, 2024). It would be in the interest of the parties, the Court, and the public to do the same here.

I.   **Background**

Plaintiffs Adam Labernik and Shane Doyle filed a putative class action complaint against Augusta National. Plaintiffs allege that Augusta National shares website and newsletter subscribers' personally identifiable information (PII) to Meta through Meta Pixel in violation of the VPPA, 18 U.S.C. § 2710. Compl. ¶¶ 1-8.

In *Salazar v. NBA*, the district court ruled the plaintiff had standing to bring a VPPA claim and then granted the defendant's motion to dismiss because the plaintiff was not a "consumer" under the VPPA. 2023 U.S. Dist. LEXIS 137982 at*18, 28 (S.D.N.Y. Aug. 7, 2023). Both issues are now on appeal.

Alston & Bird LLP                                                         www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.
LEGAL02/44466488v1

June 6, 2024
Page 2

## II. Legal Standard

In determining whether to enter a stay, courts in this Circuit consider several factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). "A decision to stay proceedings is one that rests firmly within a district court's discretion." *Poppel v. Rockefeller Univ. Hosp.*, No. 19-CV-1403 (ALC), 2019 U.S. Dist. LEXIS 124570, at *2 (S.D.N.Y. July 25, 2019).

## III. Argument

This Court and others in this district have already recognized the value of staying VPPA cases pending Second Circuit direction in *Salazar*. Courts in this district have stayed cases in anticipation of further briefing when resolution of a Second Circuit appeal would guide the district court in ruling on key issues. *See, e.g., Goldstein v. Time Warner N.Y.C. Cable Grp.*, 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998). Here, both the Plaintiffs and Defendant will benefit from a decision clarifying the scope of the VPPA and any new legal standards before beginning to brief a dispositive motion in this matter based on uncertain law. Key issues in this case include Article III standing and the statutory definition of "consumer," both of which the parties in *Salazar* presented to the Second Circuit for decision. Although a stay may slightly delay resolution of the case, "delay does not, without more" result in "undue prejudice." *McCracken v. Verisma Sys.*, No. 6:14-cv-06248(MAT), 2018 U.S. Dist. LEXIS 152008, at * 4 (W.D.N.Y. Sep. 6, 2018).

Additionally, a stay would serve the interests of the Court, persons not parties to this litigation, and the public. "[I]t would be an inefficient use of time and resources of the Court and the parties to proceed in light of a pending Second Circuit decision that will significantly impact this litigation." *Hoover v. HSBC Mortg. Corp. USA*, No. 3:13-cv-149 (MAD/DEP), 2014 U.S. Dist. LEXIS 204084, at *2 (N.D.N.Y. July 9, 2014) (staying case pending appeal that "present[ed] an identical question to that presented in th[e] action"). It would be inefficient to waste the Court's resources briefing a case based on potentially outdated law.

Defendant's counsel has conferred with counsel for Plaintiffs who do not oppose a stay. The parties agree and propose to the Court that, if the case is stayed, they will have seven days following the Second Circuit's decision in *Salazar* to meet and confer and set a new date no more than 30 days out to either amend the complaint or file a responsive pleading to the existing complaint.

June 6, 2024
Page 3

### IV. Conclusion

Defendant respectfully requests the Court to enter a stay of these proceedings pending resolution of the Second Circuit's appeal in *Salazar*.

Sincerely,

*David Venderbush*

David Venderbush

cc: All parties (via ECF)

Application GRANTED. *See Leslie v. Thompson Reuters Corp.*, No. 22 Civ. 7936, 2023 WL 6173511 (S.D.N.Y. Sept. 22, 2023). The Clerk of Court is directed to mark this case as STAYED. Within seven days of the Second Circuit's decision in *Salazar v. National Basketball Ass'n*, No. 23-1147 (2d Cir.), the parties shall file a joint letter regarding the effect of the Second Circuit's decision, if any, on this case and any next steps. The Clerk of Court is further directed to terminate ECF No. 10.

SO ORDERED.

*Jennifer H. Rearden*
Jennifer H. Rearden, U.S.D.J.
Dated: June 25, 2024

LEGAL02/44466488v1