**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MATT BRUNS, ADAM LABERNIK, and SHANE DOYLE on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUGUSTA NATIONAL, INC.<br><br>Defendant. | **Case No.: 1:24-cv-03058-JAV** |

**DEFENDANT AUGUST NATIONAL, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; JURY DEMAND**

Defendant Augusta National, Inc. ("Augusta National") by and through its undersigned counsel, hereby answers the Amended Class Action Complaint, filed by Plaintiffs Matt Bruns, Adam Labernik and Shane Doyle ("Plaintiffs") on February 14, 2025 (the "Amended Complaint") as follows.

## NATURE OF THE ACTION[1]

1. Augusta National denies the allegations in Paragraph 1 of the Amended Complaint, except admits that Plaintiffs filed this action, the contents of which speak for itself.

[1] All headings and subheadings contained herein are copied from the Amended Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Amended Complaint's headings and/or subheadings (including those set forth in the Table of Contents), Augusta National denies those allegations. Moreover, the Amended Complaint's footnotes do not constitute allegations, so no response is required. To the extent a response is required, however, Augusta National denies the allegations in the footnotes to the Amended Complaint.

2. Augusta National admits the allegations in Paragraph 2 of the Amended Complaint.

3. Augusta National admits that users may create an account with masters.com (the "Website") or may sign up for the Masters Newsletter (the "Newsletter") via masters.com. Augusta National denies the remainder of the allegations in Paragraph 3 of the Amended Complaint.

4. Augusta National admits that users may create an account with masters.com and that certain historical video content is available only with an account. Augusta National denies the remainder of the allegations of Paragraph 4 of the Amended Complaint.

5. Augusta National admits that users may subscribe to the Masters newsletter via masters.com, which may include content available on the Website. Augusta National denies the remaining allegations in Paragraph 5 of the Amended Complaint

6. Augusta National denies the allegations in Paragraph 6 of the Amended Complaint.

7. Augusta National denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Amended Complaint.

8. Paragraph 8 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the Video Privacy Protection Act ("VPPA") speak for themselves and denies the remainder of the allegations in Paragraph 8 of the Amended Complaint.[2]

9. Paragraph 9 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 9 of the Amended Complaint.

10. August National admits that the Pixel was implemented on certain parts of the Website at times. It denies knowledge or information sufficient to form a belief as to the truth of in the remaining allegations in Paragraph 10 of the Amended Complaint

11. Augusta National denies the allegations in Paragraph 11 of the Amended Complaint.

12. Augusta National denies the allegations in Paragraph 12 of the Amended Complaint.

13. Augusta National admits that Plaintiffs seek the relief set forth in Paragraph 13 of the Amended Complaint. For the avoidance of doubt, Augusta National denies that Plaintiffs or any member of the putative class are entitled to any relief.

14. Augusta National denies the allegations in Paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 15 of the Amended Complaint.

16. Augusta National denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Amended Complaint.

17. Paragraph 17 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that Plaintiffs seek the purported relief set forth in Paragraph 17 of the Amended Complaint. Augusta National denies the remaining allegations in Paragraph 17.

18. Paragraph 18 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Augusta National admits only that

Plaintiffs' claims are styled as a class action. Augusta National denies the remaining allegations in Paragraph 18.

19. Paragraph 19 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 19 of the Amended Complaint.

**PARTIES**

20. Augusta National admits that Mr. Bruns created a Website account before 2020, but denies that he signed up to receive the newsletter. Augusta National denies that Mr. Brun's PII was shared with Facebook via his use of the Website. Augusta National denies knowledge or information sufficient to form a belief to the truth of the remaining allegations in Paragraph 20 of the Amended Complaint.

21. Augusta National admits that Mr. Labernik created a Website account. Augusta National denies that Mr. Labernik's PII and Video Watching Data was shared with Facebook via his use of the Website and denies that he was not offered or asked for consent. Augusta National denies knowledge or information sufficient to form a belief to the truth of the remaining allegations in Paragraph 21 of the Amended Complaint.

22. Augusta National admits that Mr. Doyle created a Website account. Augusta National denies that Mr. Doyle's PII and Video Watching Data was shared with Facebook via his use of the Website and denies that he was not offered or asked for consent. Augusta National denies knowledge or information sufficient to form a belief to the truth of the remaining allegations in Paragraph 22 of the Amended Complaint.

23. Augusta National admits that it was formed in August of 1935 in the State of Georgia and that it operates a golf club and The Masters golf tournament. Augusta National denies

that it "controls the media and marketing" for the mentioned events. Augusta National admits the remaining allegations in Paragraph 23 of the Amended Complaint.

## JURISDICTION AND VENUE

24. Paragraph 24 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 24 of the Amended Complaint.

25. Augusta National admits the allegations in Paragraph 25 of the Amended Complaint.

26. Augusta National admits the allegations in Paragraph 26 of the Amended Complaint.

## COMMON FACTUAL ALLEGATIONS

### A. Legislative Background

#### 1. The Video Privacy Protection Act

27. Augusta National admits only that the Senate Report 100-599 and the Fair Credit Reporting Act of 1970 referenced in Paragraph 27 speak for themselves. Augusta National lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph, and, on that basis, denies them.

28. Augusta National admits only that the Senate Report 100-599 referenced in Paragraph 28 speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

29. Augusta National admits only that the Senate Report 100-599 referenced in Paragraph 29 speaks for itself. Augusta National lacks knowledge or information sufficient to form

a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

30. Augusta National admits only that the Senate Report 100-599 referenced in Paragraph 30 speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

31. Augusta National admits only that the Senate Report 100-599 referenced in Paragraph 31 speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

32. Augusta National admits only that the Senate Report 100-599 referenced in Paragraph 32 speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

33. Augusta National admits only that the Senate Report 100-599 and Senate Bill 2361 referenced in Paragraph 33 speak for themselves. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

34. Augusta National admits only that the Senate Report 100-599 referenced in Paragraph 34 speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

35. Paragraph 35 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 35 of the Amended Complaint.

36. Augusta National admits only that the Senate Report 100-599 referenced in Paragraph 36 speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

37. Paragraph 37 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 37 of the Amended Complaint.

38. Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 38 of the Amended Complaint.

39. Paragraph 39 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA and Senate Report 100-599 speak for themselves and denies the remainder of the allegations in Paragraph 39 of the Amended Complaint.

40. Paragraph 40 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

41. Paragraph 41 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 41 of the Amended Complaint.

42. Paragraph 42 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 42 of the Amended Complaint.

43. Paragraph 43 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that *Salazar v. Nat'l Basketball Ass'n*, slip op., No. 23-1147 (2d Cir. Oct. 15, 2024), speaks for itself and denies the remainder of the allegations in Paragraph 43 of the Amended Complaint.

44. Augusta National admits only that the Senate Report 100-599 referenced in Paragraph 44 speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

45. Augusta National admits only that cited Senate Judiciary Committee transcript speaks for itself and denies the remainder of the allegations in Paragraph 45 of the Amended Complaint.

46. Augusta National admits only that cited opinion speaks for itself and denies the remainder of the allegations in Paragraph 46 of the Amended Complaint.

47. Paragraph 47 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies that Augusta National is a video service

provider under VPPA. Augusta National admits its Website contains, among other content, pre-recorded audio-visual materials.

48. Paragraph 48 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 48 of the Amended Complaint.

49. Paragraph 49 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 49 of the Amended Complaint.

**B. How Websites Function**

50. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50 of the Amended Complaint and, on that basis, denies them.

51. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Amended Complaint and, on that basis, denies them.

52. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Amended Complaint and, on that basis, denies them.

53. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Amended Complaint and, on that basis, denies them.

54. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54 of the Amended Complaint and, on that basis, denies them.

55. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Amended Complaint and, on that basis, denies them.

56. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Amended Complaint and, on that basis, denies them.

57. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Amended Complaint and, on that basis, denies them.

58. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Amended Complaint and, on that basis, denies them.

59. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Amended Complaint and, on that basis, denies them.

60. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Amended Complaint and, on that basis, denies them.

**C. The Masters Golf Tournament**

61. Augusta National admits the allegations of Paragraph 61.

62. Augusta National admits only that cited material in Paragraph 62 of the Amended Complaint speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62 of the Amended Complaint and, on that basis, denies them.

**D. Defendant is a Video Tape Service Provider**

63. Augusta National admits only that the cited material speaks for itself and denies the remainder of the allegations in Paragraph 63 of the Amended Complaint.

64. Augusta National admits only that the cited material speaks for itself and denies the remainder of the allegations in Paragraph 64 of the Amended Complaint.

65. Augusta National denies that it first offered live streaming through its services in 2009. Augusta National admits that the quoted material speaks for itself and denies the remainder of the allegations in Paragraph 65 of the Amended Complaint.

66. Augusta National admits only that the cited material speaks for itself and denies the remainder of the allegations in Paragraph 66 of the Amended Complaint.

67. Augusta National admits only that the cited material speaks for itself and denies the remainder of the allegations in Paragraph 67 of the Amended Complaint.

68. Augusta National denies that it uses Veritone's services for the Website. Augusta National admits that the quoted material otherwise speaks for itself and denies the remainder of the allegations in Paragraph 68 of the Amended Complaint.

69. Augusta National denies that the archive is collected from Website content. Augusta National admits that the quoted material speaks for itself and denies the remainder of the allegations in Paragraph 69 of the Amended Complaint.

70. Augusta National denies that is uses Veritone's AI-based technology. Augusta National also denies that the Veritone Digital Media Hub ("DMH") is a "monetization solution," and that the licensing services relate to the Website. Augusta National admits that the quoted material speaks for itself and denies the remainder of the allegations in Paragraph 70 of the Amended Complaint.

71. Augusta National denies that DMH's licensing services relate to the Website. Augusta National admits that the quoted material speaks for itself and denies the remainder of the allegations in Paragraph 71 of the Amended Complaint.

72. Augusta National denies that DMH's licensing services relate to the Website. Augusta National admits that the quoted material speaks for itself and denies the remainder of the allegations in Paragraph 72 of the Amended Complaint.

73. Augusta National denies the allegations in Paragraph 73 of the Amended Complaint.

**E. Defendant Utilizes the Facebook Pixel to Gather and Transmit PII and Video Watching Data**

74. Augusta National admits that Meta (formerly Facebook) offers Pixel to web developers. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 of the Amended Complaint and, on that basis, denies them.

75. Augusta National admits only that cited material in Paragraph 75 of the Amended Complaint speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 of the Amended Complaint and, on that basis, denies them.

76. Augusta National admits only that cited material in Paragraph 76 of the Amended Complaint speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 of the Amended Complaint and, on that basis, denies them.

77. Augusta National admits that at certain times, Facebook Pixel was on portions of its Website. Augusta National denies the remaining allegations in Paragraph 77 of the Amended Complaint.

78. Augusta National denies the Pixel was "employed by Defendant to gather, collect, and then share user information with Facebook." Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78 of the Amended Complaint and, on that basis, denies them.

79. Augusta National denies its website shares user activity and user identity with Facebook. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79 of the Amended Complaint and, on that basis, denies them.

80. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80 of the Amended Complaint and, on that basis, denies them.

81. Augusta National denies the allegations in Paragraph 81 of the Amended Complaint.

82. Augusta National denies knowledge or information sufficient to form a belief to the allegations in Paragraph 82 of the Amended Complaint.

**1. Defendant added the Pixel to the Website.**

83. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83 of the Amended Complaint and, on that basis, denies them.

84. Augusta National admits only that cited material speaks for itself and denies knowledge or information sufficient to form a belief to the truth of the remaining allegations in Paragraph 84 of the Amended Complaint.

85. Augusta National admits only that cited material speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85 of the Amended Complaint and, on that basis, denies them.

86. Augusta National admits only that cited material speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 86 of the Amended Complaint and, on that basis, denies them.

87. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 of the Amended Complaint and, on that basis, denies them.

88. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 of the Amended Complaint and, on that basis, denies them.

89. Augusta National admits only that cited material speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 89 of the Amended Complaint and, on that basis, denies them.

90. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Amended Complaint and, on that basis, denies them.

91. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 of the Amended Complaint and, on that basis, denies them.

92. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92 of the Amended Complaint and, on that basis, denies them.

93. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93 of the Amended Complaint and, on that basis, denies them.

94. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94 of the Amended Complaint and, on that basis, denies them.

95. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95 of the Amended Complaint and, on that basis, denies them.

96. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96 of the Amended Complaint and, on that basis, denies them.

97. Augusta National denies that a UID can be used by anyone to "easily identify a Facebook user." Augusta National lacks knowledge or information sufficient to form a belief

about the truth of the remaining allegations in Paragraph 97 of the Amended Complaint and, on that basis, denies them.

98. Augusta National denies that a UID can be used by anyone to "easily identify a Facebook user" and that "all information" for a profile page is publicly available. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 98 of the Amended Complaint and, on that basis, denies them.

**2. The Pixel as a Tracking Method**

99. Augusta National lacks knowledge as to what happens on all "web pages." Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 of the Amended Complaint and, on that basis, denies them.

100. Augusta National lacks knowledge as to what "events" are utilized by all websites. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 of the Amended Complaint and, on that basis, denies them.

101. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 of the Amended Complaint and, on that basis, denies them.

102. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 of the Amended Complaint and, on that basis, denies them.

**3. The Pixel Shares Users' PII and Video Watching Data**

103. Augusta National lacks knowledge as to what happens on all "websites." Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103 of the Amended Complaint and, on that basis, denies them.

104. Augusta National admits only that Figure 2 speaks for itself. Augusta National lacks knowledge as to what happens on all "websites." Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 104 of the Amended Complaint and, on that basis, denies them.

105. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 105 of the Amended Complaint and, on that basis, denies them.

106. Augusta National admits only that the cited material speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 106 of the Amended Complaint and, on that basis, denies them.

107. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107 of the Amended Complaint and, on that basis, denies them.

108. Augusta National admits only that the cited material speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 108 of the Amended Complaint and, on that basis, denies them.

109. Augusta National denies the allegations in Paragraph 109 of the Amended Complaint.

110. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110 of the Amended Complaint and, on that basis, denies them.

111. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 of the Amended Complaint and, on that basis, denies them.

112. Augusta National denies that the URL listed in Figure 3 contains a title, summary, or description of a video but otherwise admits that Figure 3 speaks for itself. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 112 of the Amended Complaint and, on that basis, denies them.

113. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113 of the Amended Complaint and, on that basis, denies them.

114. Augusta National admits that Figure 4 and the corresponding webpage speak for themselves. Augusta National denies the remaining allegations in Paragraph 114 of the Amended Complaint.

115. Augusta National lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115 of the Amended Complaint and, on that basis, denies them.

116. Augusta National denies the allegations in Paragraph 116 of the Amended Complaint.

117. Augusta National denies the allegations in Paragraph 117 of the Amended Complaint.

**F. Defendant Offers Two Subscription Methods to the Website**

118. Augusta National admits that site visitors may sign up for an account with masters.com or may sign up for the Masters Newsletter (the "Newsletter") via masters.com.

Augusta National denies the remainder of the allegations in Paragraph 118 of the Amended Complaint.

119. Augusta National admits that some video content is available to individuals with accounts. Augusta National denies the remainder of the allegations in Paragraph 119 of the Amended Complaint.

120. Augusta National admits that web accountholders can typically access the parts of the Masters Vault portion of the Website with an account log in. Augusta National denies the remainder of the allegations in Paragraph 120 of the Amended Complaint.

121. Augusta National admits that web accountholders can typically access parts of the Masters Vault portion of the Website with an account log in. Augusta National denies the remainder of the allegations in Paragraph 121 of the Amended Complaint.

122. Augusta National admits only that Figure 6 speaks for itself. Augusta National denies the remainder of the allegations in Paragraph 122 of the Amended Complaint.

123. Augusta National admits that the cited material speaks for itself. Augusta National denies the remaining allegations in Paragraph 123 of the Amended Complaint.

124. Augusta National admits only that Figure 7 speaks for itself. Augusta National denies the remainder of the allegations in Paragraph 124 of the Amended Complaint.

125. Augusta National denies the allegations in Paragraph 125 of the Amended Complaint.

126. Augusta National denies the allegations in Paragraph 126 of the Amended Complaint.

127. Augusta National denies the allegations in Paragraph 127 of the Amended Complaint.

**G. Subscriptions to Newsletters are Subscriptions to the Website**

128. Augusta National denies the allegations in Paragraph 128 of the Amended Complaint.

129. Augusta National admits only that cited material speaks for itself. Augusta National denies the remaining allegations in Paragraph 129 of the Amended Complaint.

130. Augusta National admits only that the privacy policy speaks for itself. Augusta National denies the remaining allegations in Paragraph 130 of the Amended Complaint.

131. Augusta National denies the allegations in Paragraph 131 of the Amended Complaint.

**H. E-Newsletters and E-Subscriptions, Even When Free to Users, Are a Value Exchange Between ANI and Subscribers**

132. Augusta National denies the allegations in Paragraph 132 of the Amended Complaint.

133. Augusta National admits only that the cited material speaks for itself. Augusta National denies the remaining allegations in Paragraph 133 of the Amended Complaint.

134. Augusta National admits only that the cited material speaks for itself. Augusta National denies the remaining allegations in Paragraph 134 of the Amended Complaint.

135. Augusta National admits that users may have submitted their names and email address to sign up for the Newsletter. Augusta National denies the remaining allegations in Paragraph 135 of the Amended Complaint.

**I. Sign-up for the Defendant's Subscriptions Lack Informed, Written Consent**

136. Augusta National denies the allegations in Paragraph 136 of the Amended Complaint.

137. Augusta National denies the allegations in Paragraph 137 of the Amended Complaint.

138. Augusta National denies the allegations in Paragraph 138 of the Amended Complaint.

139. Augusta National admits Figure 88 speaks for itself. Augusta National denies that Figure 88 depicts a newsletter signup form on the Website. Augusta National denies the remainder of the allegations in Paragraph 139 of the Amended Complaint.

### J. Plaintiffs Did Not Consent to Defendant's Sharing of Plaintiffs' PII and Video Watching Data

140. Paragraph 140 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 140 of the Amended Complaint.

141. Paragraph 141 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 141 of the Amended Complaint.

142. Paragraph 142 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 142 of the Amended Complaint.

143. Paragraph 143 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the

provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 143 of the Amended Complaint.

144. Augusta National denies the allegations in Paragraph 144 of the Amended Complaint.

145. Augusta National denies the allegations in Paragraph 145 of the Amended Complaint.

146. Augusta National denies the allegations in Paragraph 146 of the Amended Complaint.

147. Augusta National denies the allegations in Paragraph 147 of the Amended Complaint.

**K. ANI Uses the Information Collected Through Its Tracking Tools, Including the Pixel, to Build and Sell Access to Profiles of Subscribers**

148. Augusta National denies the allegations in Paragraph 148 of the Amended Complaint.

149. Augusta National denies the allegations in Paragraph 149 of the Amended Complaint.

150. Augusta National admits only that the cited material speaks for itself and lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 150 of the Amended Complaint and, on that basis, denies them.

151. Augusta National admits only that the cited material speaks for itself and lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 151 of the Amended Complaint and, on that basis, denies them.

152. Augusta National lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 152 of the Amended Complaint and, on that basis, denies them.

153. This paragraph does not identify to what website it is referring. Augusta National lacks knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 153 of the Amended Complaint and, on that basis, denies them.

154. Augusta National denies the allegations in Paragraph 154 of the Amended Complaint.

155. Augusta National denies the allegations in Paragraph 155 of the Amended Complaint.

156. Augusta National denies the allegations in Paragraph 156 of the Amended Complaint.

157. Augusta National denies the allegations in Paragraph 157 of the Amended Complaint.

## CLASS ACTION ALLEGATIONS

158. Paragraph 158 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 158 of the Amended Complaint.

159. Paragraph 159 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 159 of the Amended Complaint.

160. Paragraph 160 does not contain an allegation against Augusta National to which a response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 160 of the Amended Complaint.

161. Paragraph 161 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 161 of the Amended Complaint.

162. Paragraph 162 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 162 of the Amended Complaint.

163. Paragraph 163 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 163 of the Amended Complaint.

164. Paragraph 164 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 164 of the Amended Complaint.

165. Paragraph 165 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 165 of the Amended Complaint.

166. Paragraph 166 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 166 of the Amended Complaint.

167. Paragraph 167 is vague, including as to the phrases "Website data sharing practices and subscription members." Augusta National admits that certain information concerning its

Website will be available from its or third-party records as alleged in Paragraph 167 of the Amended Complaint. Augusta National denies the remaining allegations in Paragraph 167 of the Amended Complaint.

168. Paragraph 168 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 168 of the Amended Complaint.

169. Paragraph 169 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 169 of the Amended Complaint.

170. Paragraph 170 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 170 of the Amended Complaint.

171. Paragraph 171 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 171 of the Amended Complaint.

## COUNT I

## VIOLATION OF THE VIDEO PRIVACY PROTECTION ACT
## 18 U.S.C. § 2710, *et seq.*

172. Augusta National repeats and realleges its responses to Paragraphs 1-171 of the Amended Complaint as if fully set forth herein.

173. Augusta National denies the allegations of Paragraph 173 of the Amended Complaint, except admits that Plaintiffs bring this action, the contents of which speak for itself.

174. Paragraph 174 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the

provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 174 of the Amended Complaint.

175. Paragraph 175 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 175 of the Amended Complaint.

176. Paragraph 176 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 176 of the Amended Complaint.

177. Augusta National admits that the provisions of the VPPA speak for themselves.

178. Augusta National admits that the provisions of the VPPA speak for themselves.

179. Paragraph 179 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 179 of the Amended Complaint.

180. Paragraph 180 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA and *Salazar v. Nat'l Basketball Ass'n*, slip op., No. 23-1147, speak for themselves and denies the remainder of the allegations in Paragraph 180 of the Amended Complaint.

181. Paragraph 181 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the cited opinions speak for themselves and denies the remainder of the allegations in Paragraph 180 of the Amended Complaint.

182. Augusta National denies the allegations in Paragraph 182 of the Amended Complaint.

183. Paragraph 183 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 183 of the Amended Complaint.

184. Augusta National denies knowledge or information sufficient to form a belief to the truth of the allegations in Paragraph 184 of the Amended Complaint.

185. Augusta National denies the allegations in Paragraph 185 of the Amended Complaint.

186. Augusta National denies the allegations in Paragraph 186 of the Amended Complaint.

187. Paragraph 187 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 187 of the Amended Complaint.

188. Paragraph 188 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 188 of the Amended Complaint.

189. Paragraph 189 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 189 of the Amended Complaint.

190. Paragraph 190 of the Amended Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National admits only that the

provisions of the VPPA speak for themselves and denies the remainder of the allegations in Paragraph 190 of the Amended Complaint.

191. Augusta National admits that Plaintiffs bring this action, the contents of which speak for itself.

**Injunctive Relief of Defendants' Ongoing VPPA Violations**

192. Paragraph 192 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 192 of the Amended Complaint.

193. Paragraph 193 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 193 of the Amended Complaint.

194. Augusta National denies that Meta Pixel is embedded on the Website, and on that basis, denies the allegations in Paragraph 194 of the Amended Complaint.

195. Paragraph 195 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 195 of the Amended Complaint

196. Augusta National denies the allegations in Paragraph 196 of the Amended Complaint.

197. Paragraph 197 contains a legal conclusion to which no response is required. To the extent a response is required, Augusta National denies the allegations in Paragraph 197 of the Amended Complaint

## PRAYER FOR RELIEF

Augusta National denies that Plaintiffs or any member of the putative class is entitled to any of the relief requested in the Amended Class Action Complaint, or any relief at all.

**WHEREFORE**, Augusta National respectfully requests that this Court in its favor and against Plaintiffs, individually and on behalf of all others similarly situated, and further requests that this Court:

A. Dismiss the Amended Complaint with prejudice without recovery or declaratory judgment of any kind;

B. Deny class certification;

C. Award Augusta National its reasonable attorneys' fees and costs incurred with its defense of this action; and

D. Award such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Augusta National demands a jury trial on issues so triable.

## AFFIRMATIVE DEFENSES

Augusta National asserts the following affirmative defenses and reserves the right to amend its answer to assert any additional defenses when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such affirmative defenses. In asserting these defenses, Augusta National does not assume the burden of proof for any issue that would otherwise rest on Plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs and the putative class have no standing to bring this claim under Article III of the United States Constitution. Plaintiffs and/or the putative class members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the Amended Complaint.

**SECOND AFFIRMATIVE DEFENSE**

The Amended Complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims and/or those made by the putative class are barred in whole or in part by the applicable statutes of limitation and repose.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs and/or the putative class lack standing to bring a claim under VPPA to the extent their video watching or personal information were not disclosed via the complained of technologies or platform.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs and the putative class members consented to the acts complained of in the Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs and/or the putative class lack standing to bring a claim under VPPA to the extent they were not harmed because they consented to the complained of acts.

**SEVENTH AFFIRMATIVE DFENSE**

Plaintiffs and the putative class members waived their rights to challenge the use of their data by accepting Augusta National's terms and conditions and privacy policies.

**EIGHTH AFFIRMATIVE DEFENSE**

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because the purported class, class representatives, and/or class counsel fail to meet the typicality, commonality, adequacy, superiority, and predominance requirements for class actions.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and the claims of others alleged to be members of the putative class are barred, in whole or in part, because at all relevant times, Augusta National's actions were reasonable and within the ordinary course of business. *See* 18 U.S. Code § 2710(b)(2)(e).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because any disclosure was for the exclusive use of marketing goods and services directly to the consumer.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and other equitable doctrines.

**TWELFTH AFFIRMATIVE DEFENSE**

If Plaintiffs or others alleged to be members of the putative class have sustained any damages as alleged in the Amended Complaint, which Augusta National denies, such damages were proximately caused by subsequent and intervening or superseding acts of the Plaintiffs and/or third parties, such that Defendant is not responsible or liable for any damages allegedly suffered.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to any recovery from Augusta National because any injury allegedly suffered by Plaintiffs was caused in whole or in part by the actions or omissions of persons or entities other than Augusta National.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any damages or other recovery to which Plaintiffs may be entitled were caused in whole or in part by the wrongful acts or omissions of persons or entities other than Augusta National, whereas any acts or omissions of Augusta National were without negligence or unlawfulness of any kind and were secondary to such other persons or entities. To the extent Augusta National is found liable in any amount, Augusta National is entitled to complete or partial equitable indemnity from such other parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has suffered any damages, Plaintiffs failed to take reasonable steps to mitigate those purported damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs are not "subscribers" under VPPA.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Augusta National is not a "videotape service provider" under VPPA.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' reading of the VPPA is barred by the First Amendment to the United States Constitution.

**NINETEENTH AFFIRMATIVE DEFENSE**

Awarding Plaintiffs and/or others alleged to be members of the putative class the relief sought in the Amended Complaint would violate Augusta National's rights to due process of law under the United States Constitution.

**TWENTIETH AFFIRMATIVE DEFENSE**

Augusta National may have additional unique affirmative defenses applicable to different putative members of Plaintiffs' proposed class. Augusta National reserves the right to assert such additional affirmative defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Augusta National hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during discovery in this litigation and reserves the right to amend this Answer to assert any such defenses.

Dated: March 17, 2025

**ALSTON & BIRD LLP**

*/s/* David Venderbush
David Venderbush
90 Park Avenue
New York, New York 10016
Telephone: (212) 210-9400
Fax: (212) 210-9444
David.venderbush@alston.com

Rachel Lowe (*pro hac vice*)
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 576-1000
Fax: (213) 576-1100
rachel.lowe@alston.com

*Attorneys for Defendant*